**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELAINE SCHUTZ,<br><br>　Plaintiff,<br><br>　v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>　Defendant. | CIVIL ACTION NO. 13-7710 (MLC)<br><br>**MEMORANDUM OPINION** |

**THE MAGISTRATE JUDGE** ordered the parties to show cause why the complaint should not be dismissed with prejudice based on Plaintiff's failure to comply with the Court's orders. (See dkt. entry no. 10, Letter Order of 7-7-2014.) This order to show cause was issued in response to a request by Defendant to have the Court compel Plaintiff to provide answers to interrogatories and discovery requests. (See dkt. entry no. 10, Def. Letter of 7-3-2014.) In the order to show cause, the Court also required Plaintiff to submit a position statement no later than July 24, 2014. (See Letter Order of 7-7-2014.) Plaintiff failed to respond or submit the required position statement. Further, Plaintiff failed to appear at the Order to Show Cause ("OTSC") hearing. When the Magistrate Judge contacted Plaintiff's counsel to ascertain the reason for the lack of attendance, the Magistrate Judge was informed that "counsel was in state court on another matter and, as such, unavailable to participate in the scheduled OTSC." (See dkt. entry no. 14, Report & Recommendation at 2.) The Court then proceeded to hold the OTSC hearing without the presence of Plaintiff or her counsel.

**AS A DISMISSAL WITH PREJUDICE** is dispositive of a matter, the Magistrate Judge addressed the matter in a Report and Recommendation entered August 13, 2014.  (See Report & Recommendation.)  See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).  The Magistrate Judge recommended that the complaint be dismissed with prejudice.  (See Report & Recommendation at 5.)  No objections were filled by either party.

A court may impose sanctions, pursuant to the Federal Rules of Civil Procedure, for failure to provide discovery, obey court orders, or prosecute a case.  See Fed.R.Civ.P. 37(b)(2), 41(b).  Dismissal is one such sanction that may be an appropriate penalty.  See Fed.R.Civ.P. 41(b).  In weighing whether to impose an involuntary order of dismissal, the Court considers six factors set forth in Poulis.  These factors include:

> (1) [T]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted).  The Court may find dismissal appropriate even when not all Poulis factors are met.  See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  If the Court determines that dismissal is appropriate under Poulis, it may dismiss sua sponte, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b).  See Iseley v. Bitner, 216 Fed.Appx. 252, 254–55 (3d Cir. 2007) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962)).

The Magistrate Judge examined each of the six Poulis factors in the Report and Recommendation.  Of the six factors, the Court found one to be neutral and the other five to

weigh in favor of dismissal of Plaintiff's claims with prejudice.  (See Report & Recommendation at 3–5.)  Any party to the action could have filed specific objections to the Magistrate Judge's Report and Recommendation, whereupon this Court would have conducted a de novo review.  See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(2)–(3); L.Civ.R. 72.1(c)(2).  The time for filing such objections has expired.  No objections have been filed since the Magistrate Judge entered the Report and Recommendation two months ago and Plaintiff has again failed to respond in any manner.

Plaintiff voluntarily brought this case, and after doing so, failed to take any steps to advance the resolution of this matter.  Plaintiff failed to provide any discovery, failed to comply with the Magistrate Judge's orders, including attendance at the OTSC hearing, and generally demonstrated a pattern of noncompliance with the obligations under the Federal Rules of Civil Procedure.

**THIS COURT**, upon reviewing the Report and Recommendation of the Magistrate Judge, accepts and agrees with the findings and recommendations in whole to dismiss Plaintiff's claims with prejudice.  For good cause appearing, the Court will issue an appropriate order and judgment.

   s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: October 30, 2014